UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL SHELLEY                                              CIVIL ACTION

VERSUS                                                              NO. 17-17466

SELECT PORTFOLIO SERVICING, INC.                  SECTION: A (4)

## ORDER AND REASONS

Before the Court is a **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 5)** filed by Defendant Select Portfolio Servicing, Inc. Plaintiff Michael Shelley has not filed an opposition to the motion. The motion, set for submission on January 17, 2018 is before the court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth below.

### I. Background

On October 29, 2004, Plaintiff executed a promissory note in favor of Olympus Mortgage Company or "anyone who takes this Note by transfer" in the principal amount of $61,000.00 (the "Note"). The Note is secured by a mortgage that was signed by Plaintiff on October 29, 2004, and recorded in the Jefferson Parish, Louisiana as Instrument Number 10466394, Book 4211, Page 910 (the "Mortgage"). The Mortgage encumbers the immovable property located at 457 Sala Avenue, Westwego, Louisiana 70094 (the "Property").

The Note was endorsed by Olympus Mortgage Company and made payable to Ameriquest Mortgage Company, which endorsed the Note in blank, rendering the Note bearer paper. (Rec. Doc. 5-2). U.S. Bank, N.A. is the current holder and possessor of the Note. Defendant Select Portfolio Servicing, Inc. has been the loan servicer since July 1, 2012. Plaintiff allegedly defaulted on the Note and Mortgage by failing to remit the November 1, 2015 monthly installment, and all

1

subsequent installments. As a result of Plaintiff's default and his failure to cure the defect, the loan was accelerated and the entire unpaid balance, together with interest, and allowable fees, are now allegedly due, owing, and unpaid. (Rec. Doc. 5-1).

On or about August 9, 2016, U.S. Bank filed suit against Plaintiff in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to enforce its rights in the Note and Mortgage against Plaintiff. In response to the lawsuit filed by U.S. Bank, Plaintiff filed a civil action on October 11, 2016 against Defendant in the Second Justice of the Peace Court for the Parish of Jefferson. Defendant timely removed that state court action to this Court on October 28, 2016. The Court then dismissed Plaintiff's lawsuit with prejudice on April 13, 2017.

Plaintiff then filed the instant lawsuit on or about November 21, 2017, which is virtually identical to Plaintiff's previous October 11, 2016 civil action. Plaintiff once again filed his suit in the Second Justice of the Peace Court for the Parish of Jefferson before Defendant again removed the action to this Court on December 19, 2017. On or about December 6, 2017, the Property was sold at a Sheriff's foreclosure sale. (Rec. Doc. 5-2).

Defendant now brings the instant motion seeking to dismiss Plaintiff's claims on the following grounds: (1) Plaintiff's claims are barred by res judicata; (2) Plaintiff waived presentment by the clear and unambiguous terms set out in the Note, and was not entitled to request that the Note be exhibited to him; (3) Defendant is not a debt collector under the FDCPA, and cannot be held liable for a violation of the FDCPA; (4) to the extent that Plaintiff makes a claim under the Fair Credit Reporting Act for improper reporting, Plaintiff has no right of action, and failed to comply with the statutory requirements for asserting such a claim; (5) Plaintiff's injunction request is moot because the foreclosure sale has been completed; and (6) Plaintiff's

request for injunctive relief does not fall within one of the statutory exceptions in the Anti-Injunction Act.

## II. Legal Standard

Under well-settled standards governing Rule 12(b)(6) motions to dismiss, a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts that would entitle him to legal relief. *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251 (5th Cir. 2006) (citing *Benton v. United States*, 960 F.2d 19 (5th Cir. 1992)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculation level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

### III.  Law and Analysis

Defendant is entitled to dismissal of Plaintiff's claims because the claims are barred by res judicata. Res judicata functions as claim preclusion. *Wild Well Control, Inc. v. Seabright Insurance Company*, No. 16-7113, 2017 WL 3849320, at *3 (E.D. La. 2017). Federal res judicata rules govern the preclusive effect of a prior federal court judgment. *Id.* Res judicata precludes a subsequent proceeding if:

> (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*Id.* (citing *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)).

The first element of res judicata is met because the parties to both actions are identical. The original state court action, *Shelley v. Select Portfolio Servicing, Inc.*, was filed by Michael George Shelley and named "Select Por[t]folio Servicing, Inc" as the sole defendant. No. 16-15927, 2017 WL 1355703 (E.D. La. 2017). The current action, *Shelley v. Select Portfolio Servicing, Inc.*, was also brought by Michael George Shelley and also names "Select Por[t]folio Servicing, Inc" as the sole defendant.[1]

The second and third elements of res judicata are also met. Plaintiff's previous lawsuit was dismissed by this Court with prejudice on April 13, 2017. The previous litigation was therefore disposed of with a final judgment on the merits by a court of competent jurisdiction when this Court granted Defendant's Motion for Judgment on the Pleadings against Plaintiff dismissing the claims. Further, Plaintiff failed to appeal the judgment and dismissal of that action became final.

---

[1] The Court is further convinced that Plaintiff simply copied the text from his previous Petition because both state court Petitions misspell "Portfolio" in the same manner—"Porfolio."

The fourth element is also met. The fourth element requires the Court to determine whether the same claim or cause of action is involved in both suits. The United States Court of Appeals for the Fifth Circuit applies the transactional test to this fourth element, which requires that both "actions be based on the same nucleus of operative facts." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 389, 402 (5th Cir. 2009) (quoting *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)). Courts should consider "various factors such as 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)).

The Court is convinced that the claims are sufficiently related such that res judicata bars Plaintiff's cause of action. In fact, the claims are nearly identical. When comparing Plaintiff's original state court Petition with Plaintiff's instant state court Petition, it becomes evident that Plaintiff essentially copied the text from his original Petition when drafting his instant Petition.

The only portion of Plaintiff's instant Petition that differs from his original Petition is found in the second paragraph. Although the allegations of both Petitions are vague, the information pertaining to the credit reports received by Plaintiff seems to differ. In the original Petition, Plaintiff alleged having received a credit report from the Equifax Credit Bureau dated October 6, 2016 showing a balance due of $56,184 to the Creditor (Select Portfolio Servicing, Inc.). In the instant Petition, Plaintiff alleges having received a credit report from the Transunion Credit Bureau dated October 10, 2017 showing a balance due of $73,761.00 to the Creditor (Select Portfolio Servicing, Inc.). The Court finds the differences pertaining to the source and date of the credit reports to be insignificant.

The difference in the amount owed is the only potentially conflicting allegation. However, Plaintiff fails to allege any new legal arguments that would require this Court to reanalyze whether the debt is valid. In this Court's previous Order, it was held that Plaintiff's debt was not invalidated, and therefore, still owed. The only change has been an increase in the amount owed as reflected in the new credit report. Moreover, the Court's previous analysis of Plaintiff's allegations applies with equal weight to these facts as the debt Plaintiff owes stems from the same Note and Mortgage.

**IV. Conclusion**

The Court finds that Plaintiff's claims are barred by res judicata. The parties in both actions are identical. The initial action was dismissed by this Court—a court of competent jurisdiction—after fulling weighing the merits of Plaintiff's claims via Defendant's Motion for Judgment on the Pleadings. In that initial action, a final judgment was issued against Plaintiff and in favor of Defendant. Moreover, the time in which to take an appeal from that final judgment has passed. Finally, the allegations and causes of action in both cases were the same. For these reasons, Plaintiff's claims against Defendant are barred by res judicata and must be dismissed.

Accordingly;

**IT IS ORDERED** that Defendant Select Portfolio Servicing, Inc.'s **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 5)** is **GRANTED**.

April 2, 2018

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE